UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA LEIGH CAVINESS,

        Plaintiff,

v.                                                    Case No. 13-15288

CAROLYN W. COLVIN,

        Defendant.
                                                  /

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES**

Plaintiff Angela Leigh Caviness initiated the instant action against Defendant Carolyn W. Colvin, the acting Commissioner of Social Security, seeking to have this court review the Social Security Administration's denial of her disability benefits. (Dkt. # 1, Pg. ID 1.) Defendant then filed an agreed-to stipulation to remand the case to the Administration for further hearings and enter judgment in favor of Plaintiff, (Dkt. # 12, Pg. ID 1557), and this court filed an order granting that stipulation and entering judgment for Plaintiff, (Dkt. # 13-1; Dkt. # 14).

Now before the court is Plaintiff's Petition for Attorney Fees, (Dkt. # 15), on behalf of her attorney, Howard D. Olinsky, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Though the act sets a maximum rate of $125 per hour, 28 U.S.C. § 2412(d)(2)(A)(ii), Plaintiff requests a rate of $185.01 per hour for 39 hours of work plus an award of costs of $15.39 for service of her summons and complaint, (Dkt. # 15, Pg. ID 1565). Defendant argues that Plaintiff's evidence is "insufficient to justify an hourly rate in excess of the statutory cap," and that the court is "not required to" grant

Plaintiff's requested reward. (Dkt. # 16, Pg. ID 1584.) This matter is fully briefed, and no hearing is needed. See E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Plaintiff's Petition for Attorney Fees in part according to the EAJA's statutory maximum of $125 per hour and deny it in all other respects.

## I. BACKGROUND

On October 31st, 2013, Plaintiff received a letter from the Social Security Administration denying her request for review of an Administrative Law Judge's ("ALJ") decision not to grant her disability benefits. (Dkt. # 1, Pg. ID 4.) On December 30th, 2013, Plaintiff filed a civil suit against Defendant in this court to review the ALJ's decision. (*Id.* at 1-2.) On September 18th, 2014, Defendant filed an agreed-to stipulation petitioning this court to remand the case for further proceedings and to enter judgment in favor of Plaintiff. (Dkt. # 12, Pg. ID 1557.) On September 30th, 2014, this court entered an order granting the stipulation, (Dkt. # 13-1, Pg. ID 1563), and entered the requested judgment. (Dkt. # 14).

On October 24th, 2014, Plaintiff filed a petition in this court for attorney fees in excess of 28 U.S.C. § 2412's statutory maximum of $125 per hour. (Dkt. # 15, Pg. ID 1565-66.) Taking her petition and reply brief together, Plaintiff provides as evidence of her claim's merit the hourly market rates for Michigan attorneys in 2010, (Dkt. # 17, Pg. ID 1596 n. 1), an affidavit of her attorney's qualifications for fees under the EAJA, (Dkt. # 15-1, Pg. ID 1567-71), the Consumer Price Index for the Midwest urban area showing an increase in the cost of living between 1996, when the EAJA's maximum fee was last raised, and August 2014, (*Id.* at 1578), and an itemization of his billable hours spent on the case, (*Id.* at 1579-80).

2

Defendant argues that "the statutory rate is a ceiling and not a floor" and that "the court can, but is not required to, determine that the increase in the cost of living justifies a higher fee." (Dkt. # 16, Pg. ID 1584.) Furthermore, Defendant argues that "Plaintiff's justification [is] deficient." (*Id.* at 1586-87.)

In reply, Plaintiff cites to two recent Eastern District of Michigan cases in which her attorney has won fees in excess of the statutory maximum by providing the same evidence she provides here, (Dkt. # 17, Pg. ID 1595), and petitions this court to follow these decisions by granting her attorney his requested fees, (*Id.* at 1598).

## II. STANDARD

Pursuant to 28 U.S.C. § 2412(a)(1), "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against . . . any official of the United States acting in his or her official capacity." § 2412(d)(1)(B) states that:

> "[a] party seeking an award of fees . . . shall, within thirty days of final judgment in the action, submit to the court an application . . . which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended . . . . The party shall also allege that the position of the United States was not substantially justified."

§ 2412(d)(2)(A)(ii) stipulates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(B) clarifies that "'party' means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." § 2412(d)(2)(G) defines "final judgment" as "a judgment that is final and not appealable."

3

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To meet this burden, "Plaintiffs must 'produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

### III. DISCUSSION

Plaintiff claims that she has fulfilled all of the EAJA's requirements to be awarded attorney fees, and indeed, it seems that she has. Plaintiff states that at the time the action was filed, her net worth "did not exceed $2,000,000." (Dkt. # 15-1, Pg. ID 1569.) She alleges that the United States' position in this litigation was not substantially justified because "the ALJ's finding that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities was not supported by substantial evidence." (*Id.* at 1570.) She has provided an itemized list of hours that her attorney has spent on this case, (*Id.* at 1579), and she has stated her amount requested as $7,230.78, (Dkt. # 15, Pg. ID 1565), or $7,215.39 for 39 hours of work at $185.01 per hour plus $15.39 for service of the summons and complaint, (Dkt. # 15-1, Pg. ID 1568).

Furthermore, Plaintiff has received "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). This court remanded Plaintiff's case under sentence four of 42 U.S.C. § 405(g), (Dkt. # 13-1, Pg. ID 1563), which rendered an appealable judgment, (Dkt. # 14). "When the time for seeking appellate review has run, the sentence-four

4

judgment fits squarely within the term 'final judgment' as used in § 2412(d)." *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). This judgment was also in Plaintiff's favor, making her the prevailing party. (Dkt. # 13, Pg. ID 1560; Dkt. # 13-1, Pg. ID 1563.) This court entered its judgment on September 30th, 2014, (Dkt. # 13-1, Pg. ID 1563), and Plaintiff timely petitioned the court for fees on October 24th, 2014, (Dkt. # 15, Pg. ID 1566).

To justify requesting fees beyond the statutory maximum of $125 per hour, Plaintiff provides a Consumer Price Index showing that the cost of living has increased between the last time that the statutory maximum was raised and the present day. (Dkt. # 15-1, Pg. ID 1578.) She also submits her attorney's affidavit demonstrating his eligibility for such fees. (*Id.* at 1567-71.) Finally, the court has received data revealing the hourly fees of Michigan attorneys in 2010 with comparable years of experience to Plaintiff's attorney. (Dkt. # 17, Pg. ID 1596.) Although this evidence complies with *Bryant*'s minimum requirements, *see* 578 F.3d at 450, and court have previously held this evidence sufficient to award fees beyond the statutory maximum within the past two years, *see Wilson v. Colvin*, No. 13-10158, 2014 U.S. Dist. LEXIS 26912 (E.D. Mich. 2014); *Hayes v. Comm'r of Soc. Sec.*, No. 12-15231, 2014 U.S. Dist. LEXIS 151220 (E.D. Mich. 2014).

The EAJA provides, however, that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA grants the court discretion over whether or not to grant fees in excess of $125 per hour even if Plaintiff shows what other courts have deemed sufficient evidence to justify such fees. While such evidence is necessary under *Bryant* to allow the court to grant fees beyond the

5

EAJA, it is not necessarily sufficient to guarantee such an award. Were courts to automatically follow previous courts in granting higher fees, it would effectively serve as a one-way ratchet; raising the EAJA's statutory maximum to Plaintiff's requested amount for all future claim. This would usurp Congress's prerogative to set the maximum rate. Rather than engage in de facto alteration of the statutory maximum, this court elects to follow Congress' direction that no fee above $125 per hour shall be granted unless the court determines that such fee is justified. The court makes no such finding here. $125 per hour is sufficient.

The court will grant Plaintiff $4,875.00 for 39 hours of work at $125 per hour plus $15.39 for service of the summons and complaint; a total of $4,890.39.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff Angela Leigh Caviness's Petition for Attorney Fees, (Dkt. # 15), is GRANTED IN PART in that Howard D. Olinsky is awarded $4,890.39. It is DENIED in all other respects.

                                             S/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: August 17, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2015, by electronic and/or ordinary mail.

                                             S/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522