**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANGELA LEIGH CAVINESS,

      Plaintiff,

v.                                      Case No. 13-15288

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT'S "MOTION FOR AN INDICATIVE RULING ON A MOTION FOR RELIEF THAT IS BARRED BY A PENDING APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1(a)(3)"; AND (2) STATING THAT THE COURT WOULD GRANT DEFENDANT'S MOTION UPON REMAND**

      Plaintiff Angela Caviness filed this action seeking review under 42 U.S.C. § 405(g) of the Defendant's final decision that she was not disabled. (Dkt. # 1.) The parties stipulated to judgment in favor of Plaintiff, and the matter was remanded to the agency for review. (Dkt. # 12.) Thereafter Plaintiff filed a motion requesting attorney's fees pursuant to the Equal Access of Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. # 15.) This court granted Plaintiff's motion in part by awarding attorney's fees at the $125 hourly rate set as a maximum by the EAJA but denied Plaintiff's request for attorney's fees in excess thereof. (Dkt. # 19.) On August 20, 2015, Plaintiff filed a notice of appeal of the order regarding attorney's fees. (Dkt. # 22.) Defendant Commissioner now seeks an indicative ruling from this court on a hypothetical motion for relief from judgment as to the order granting attorney's fees at the statutory maximum on the basis that it contains a typographical error that the court would otherwise be free to correct under Fed. R. Civ. P. 60(a). (Dkt. # 26.) The court grants the motion for an indicative ruling for the following reasons.

**I. STANDARD**

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). Motions for an indicative ruling are governed by Fed. R. Civ. P. 62.1, under which "a district court may make certain indicative rulings on motions that the court lacks authority to grant because of a pending appeal." *Dice Corp. v. Bold Technologies*, 556 F. App'x 378, 382 (6th Cir. 2014). Such rulings are discretionary, and the court may defer considering the motion, deny the motion, or state that it would grant the motion or that the motion raises a substantial issue. *See* Fed. R. Civ. P. 62.1(a).

Courts may also "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," but where an appeal has been docketed "such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (citation omitted). "The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an 'error[] of substantive judgment.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990). This is not to be confused with Rule 60(b) which allows for relief from judgment under certain circumstances upon motion by a party. Fed. R. Civ. P. 60(b); *see also Stryker Corp. v. XL Ins. America Inc.*, 726 F. Supp. 2d 754, 761 (W.D. Mich. 2010) (contrasting the requirements of Rule 60(a) and those of 60(b)).

**II. DISCUSSION**

Defendant filed a motion for an indicative ruling, which allows the court to explain what it would do upon remand despite the fact that an appeal has been docketed and is

pending. Fed. R. Civ. P. 62.1(a)(3). Courts should generally reject a request where it would require the court to issue an advisory opinion. *See Ohio State Conference of the National Association for the Advancement of Colored People v. Husted*, No. 2:14-404, 2014 WL 6698763 at *2 (S.D. Ohio Nov. 26, 2014) (refusing to consider a request for indicative ruling where the movant asked the court "to issue an advisory opinion holding that two of its prior opinions should be reversed"). Defendant's brief cites to Rule 60(a) regarding the correction of a mechanical ruling, but it also confusingly requests "relief from judgment" which appears to be language taken from Rule 60(b). To the extent that Defendant's request centers on the correction of a mechanical error, it does not call upon the court to issue an advisory opinion but instead reflects a straightforward interest in clarity and the court would therefore grant such a request for the reasons discussed below. On the other hand, if Defendant requests an indicative ruling relieving her from the court's prior order awarding attorney's fees, the court refuses to consider the request as Defendant is essentially asking the court to revisit its own ruling while a pending appeal has divested the court of its jurisdiction over the matter.

Defendant's motion is based on a seemingly incomplete sentence within the court's opinion granting Plaintiff's request for attorney's fees at, but not to exceed, the statutory maximum. The incomplete sentence reads: "Although this evidence complies with *Bryant*'s minimum requirements and court[s] have previously held this evidence sufficient to award fees beyond the statutory maximum within the past two years, [omitted citations]." (Dkt. # 19, at Pg. ID 1605.) Instead, this sentence should read: "This evidence complies with *Bryant*'s minimum requirements, *see* 578 F.3d at 450, and courts have previously held this evidence sufficient to award fees beyond the statutory maximum within the past two years, *see Wilson v. Colvin*, No. 13-10158, 2014 U.S. Dist. LEXIS 26912 (E.D. Mich. 2014); *Hayes v. Comm'r of Soc. Sec.*, No. 12-15231, 2014 U.S. Dist. LEXIS 151220 (E.D. Mich. 2014)." While it is clear that the sentence as

3

originally written is not a complete thought, the sentence that follows it continues logically, as it discusses EAJA's statutory language in contrast to the evidence that Plaintiff had provided in support of her request for additional attorney's fees. *Id.* Defendant argues that this may lead to confusion on appeal. (Dkt. # 26.) Erring in favor of increased clarity, this court states that it would grant a motion for correction consistent with the new sentence indicated above were the question remanded to it. However, this court also notes that remand is likely unnecessary as the correction does not affect the substance of the opinion.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion for an indicative ruling is GRANTED. The court would GRANT Defendant's motion upon remand.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 7, 2016, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522