**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ANGELA LEIGH CAVINESS,

      Plaintiff,

v.                                  Case No. 13-15288

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR
ATTORNEY'S FEES AND RELATED MOTIONS
AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES
PURSUANT TO THE SOCIAL SECURITY ACT**

Before the court is an Amended Motion for Attorney's Fees Pursuant to the Equal

Access to Justice Act (ECF No. 37), brought by Plaintiff Angela Leigh Caviness. The

court held a hearing on the motion and received subsequent briefing.  For the reasons

stated below, and on the record, the court will grant the motion, as well as the related

subsequent motions which supplemented the Amended Motion. (ECF Nos. 44, 45, 46.)

The court will also grant Plaintiff's unopposed Motion for Attorney's Fees Pursuant to

the Social Security Act (ECF No. 47).

**I. BACKGROUND**

Plaintiff initiated the instant action against Defendant, seeking to have this court

review the Social Security Administration's denial of her disability benefits.  (ECF No. 1,

PageID.1.)  Shortly thereafter, Defendant filed a stipulation to remand the case to the

Administration for further hearings and enter judgment in favor of Plaintiff, (ECF No. 12,

PageID.1557), and this court filed an order consistent with that stipulation and entering

judgment for Plaintiff, (ECF No. 13-1; PageID.14). Plaintiff then brought a Petition for

Attorney Fees, (ECF No.15), on behalf of her attorney, Howard D. Olinsky, pursuant to

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Though the act sets a

maximum rate of $125 per hour, 28 U.S.C. § 2412(d)(2)(A)(ii), Plaintiff requested a rate

of $185.01 per hour for 39 hours of work plus an award of costs of $15.39 for service of

her summons and complaint, (ECF No. 15, PageID.1565).  Defendant argued that

Plaintiff's evidence is "insufficient to justify an hourly rate in excess of the statutory cap,"

and that the court is "not required to" grant Plaintiff's requested reward.  (ECF No. 16,

PageID.1584.) The court considered the matter, granted in part Plaintiff's Petition for

Attorney Fees, but retained EAJA's statutory maximum of $125 per hour.  In so holding,

the court noted:

> Taking her petition and reply brief together, Plaintiff provides as evidence
> of her claim's merit the hourly market rates for Michigan attorneys in 2010,
> (ECF No. 17, PageID 1596 n. 1), an affidavit of her attorney's
> qualifications for fees under the EAJA, (ECF No. 15-1, PageID 1567-71),
> the Consumer Price Index ["CPI"] for the Midwest urban area showing an
> increase in the cost of living between 1996, when the EAJA's maximum
> fee was last raised, and August 2014, (Id. at 1578), and an itemization of
> his billable hours spent on the case, (Id. at 1579-80).

(ECF No. 19, PageID.1602.)[1]   Defendant had argued that "the statutory rate is a ceiling

and not a floor" and that "the court can, but is not required to, determine that the

increase in the cost of living justifies a higher fee."  (ECF No. 16, PageID.1584.)

Defendant also asserted that "Plaintiff's justification [is] deficient."  (PageID.1586-87.)

---

[1]Plaintiff also cited two recent Eastern District of Michigan cases in which her
attorney had won fees in excess of the statutory maximum at the hourly rate of $173.01
by providing the same evidence which she had provided to this court. (ECF No. 17,
PageID1595).

The court agreed, and found that Plaintiff had not submitted sufficient evidence justifying a higher hourly rate.  The court then granted Plaintiff $4,875.00 for 39 hours of work at $125 per hour plus $15.39 for service of the summons and complaint; a total of $4,890.39.

Plaintiff appealed. The Sixth Circuit affirmed the court's ruling that the EAJA does not provide an automatic cost-of-living adjustment, but vacated the award of attorney fees at the rate of $125 per hour and remanded for further proceedings. (ECF No. 35, PageID.1671.)  The Sixth Circuit found that the court "correctly determined that Caviness was not automatically entitled to an attorney fee rate of $185.01 per hour based on CPI alone." (ECF No. 35, PageID.1674.)  Nonetheless, the Circuit found that this court did not provide a sufficient explanation for its decision to deny Plaintiff's request for an attorney fee rate about EAJA's statutory cap of $125, and remanded the matter for further proceedings.

On remand, Plaintiff brought the instant Amended Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, which Defendant opposed.  Plaintiff initially requested that the court award fees in the amount of $17,953.72.  This amount was calculated by the original request of 39 attorney hours at $185.01 per hour ($7,215.39), plus the additional fees of $10,738.33 related to the appeal for 55.9 attorney hours at $187.09 per hour ($10,458.33), 3.5 paralegal hours at $80.00 per hour ($280).  Plaintiff also sought costs of $905, which comprised $400 for the filing fee and $505 for the appellate filing fee.  The Amended Petition referenced the previous petition, and also submitted a renewed affidavit by Plaintiff's attorney and itemized billing records.

3

In response, Defendant asserted that "despite the explicit instructions given by the Sixth Circuit in her appeal, Plaintiff fails to provide such evidence. Instead, she relies solely on the Consumer Price Index (CPI). (ECF No. 37-1, Affidavit of Howard Olinsky at 2-3). In the Sixth Circuit, the CPI is categorically insufficient to justify an hourly rate in excess of the statutory cap." (ECF No. 40, PageID.1716.) Defendant further contended that Plaintiff should not be allowed to submit such additional evidence in her reply brief.  As predicted, in her reply, Plaintiff then attached a 2014 State Bar of Michigan report suggesting that the prevailing hourly rate for attorneys in practice as long as Plaintiff's counsel is at least $200 and at most $515.  Plaintiff also submitted an affidavit of local social security law attorney Randall Phillips stating that in the Eastern District of Michigan, attorneys generally charge between $175 and $200 per hour, or more for non-contingent fee cases.  (ECF No. 41, PageID.1733.)  Mr. Phillips averred that "[to the best of my knowledge the market rates in the Eastern Michigan area generally equal or even exceed the rates charged by my law firm, and thus attorneys are generally not willing to accept representation of Social Security claimants in federal court at an hourly rate of $125.00 for [sic], or anything that is much less than the $187.09 or [sic] per hour which is the currant EAJA hourly rate based on the Consumer Price Index rate." (ECF No. 41, PageID.1733-34.) Plaintiff asked for additional attorney fees of $617.40, at a rate of $187.09 for the 3.3 hours spent drafting the reply.  (ECF No. 41, PageID.1727.)  Thus, as of the date of the reply, Plaintiff's requested attorney fees of $18,571.12, and $905 in costs, or $19,476.12 in total.

Prior to the hearing, Plaintiff submitted a supplemental notice, in which she indicated her intention to request additional fees for the time and expenses associated

from traveling from New York to Michigan to argue the motion for attorney fees.  Plaintiff submitted the supplementation after the hearing, asking for additional attorney fees of one hour at $187.09 for arguing the motion, and half that rate for travel time of 12.5 hours from New York to MIchigan (the parties had requested, but been denied, the opportunity to argue the motion by telephone).  Plaintiff thus sought an additional $1,356.47 in attorney fees related to oral argument, $413.23 for mileage at the applicable federal rate and tolls.  Thus, Plaintiff's total requested amount was $21,245.82.  This amount included $19,927.59 in attorney fees, $905 in costs, and $413.23 in expenses.

Plaintiff's supplemental request actually asked for $20,832.59 in attorney fees, which originally confounded the court as the amounts simply did not add up. As the court attempted to account for the odd mathematics, the motion unfortunately was left unresolved longer than the court desires or typically acts.  Eventually, however, the court determined the requested amount is a mathematical error.  Plaintiff appears to be adding her additional attorney fees into her last requested amount, from her reply brief, but that amount already included the $905 in costs. In her supplemental brief, Plaintiff asks for $20,832.59 in fees and also $905 in costs, but this would double-count the costs.  The court attributes this to a simple scrivener's error, and has adjusted the amounts accordingly to allow for only one recovery of the $905 in costs.

Before the court could rule on the motion, another motion was filed, seeking leave to file a memorandum of supplemental authority.  (ECF No. 46.)  In this filing, Plaintiff submitted abundant authority justifying her request for an hourly rate of $187.09.  Unfortunately, Plaintiff included a request that again confounded the court. In

5

attempting to request only what had previously been sought, Plaintiff asked the court to "award attorney fees and costs in the sum of $10,498.16." (ECF No. 46, PageID.1767.) The court was at a loss to identify where this amount came from. The brief back-referenced her Amended Petition, but contained a citation to a request for oral argument. No response was filed to this motion, and the court now faced another potential scrivener's error for which it had to account. Instead, Plaintiff recently filed a Motion for Attorney's Fees Pursuant to the Social Security Act. (ECF No. 47.) In this motion, Plaintiff's counsel avers that he entered into a valid contingency fee agreement with Plaintiff, in which he is entitled to 25% of any past-due benefits awarded to Plaintiff and her family. Specifically, counsel asserts entitlement to awards to Plaintiff and her family members according to the following chart:

| Party | Past-due benefits | Counsel's 25% |
|---|---|---|
| Plaintiff | $163,578.50 | $40,894.65[2] |
| Thomas C. Dewaters | $8,747 | $2,186.75 |
| A.L.C. | $24,299 | $6,074.75 |
| G.E.C. | $24,299 | $6,074.75 |
| A.A.C. | $24,299 | $6,074.75 |

Thus, by the amounts submitted, Plaintiff and her family received a total of $245,222.50, and counsel requests a total of $61,305.50. Nonetheless, in another (albeit minor) mathematical inconsistency, counsel requests $61,305.63. This amount, however, reconciles the previous math error in computing 25% of Plaintiff's benefits, and appears to be the accurate computation of 25% of the total award of past-due

---

[2]By the court's calculation, 25% of $163,578.50 should be $40,894.63.

benefits.  Plaintiff avers that the past-due amounts have been awarded and that $61,305.63 is being withheld by the Commissioner pending determination of fees under 42 U.S.C. § 406(b).  The most recent motion requests that the court award these fees to counsel and that any EAJA fees received by counsel will be refunded to Plaintiff.  The Commissioner filed a response brief in which it does not oppose the motion.

## II. STANDARD

Pursuant to 28 U.S.C. § 2412(a)(1), "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against . . . any official of the United States acting in his or her official capacity."  § 2412(d)(1)(B) states that: "[a] party seeking an award of fees . . . shall, within thirty days of final judgment in the action, submit to the court an application . . .  which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended . . . .  The party shall also allege that the position of the United States was not substantially justified."

Section 2412(d)(2)(A)(ii) stipulates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Section 2412(d)(2)(B) clarifies that "'party' means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed."  Section 2412(d)(2)(G) defines "final judgment" as "a judgment that is final and not appealable."

"[T]he fee applicant bears the burden of establishing entitlement to an award and

documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  To meet this burden, "Plaintiffs must 'produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

Under 42 U.S.C. § 406(b), the court may award "a reasonable fee not in excess of 25 percent of . . . past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A). The parties agree that if the court awards benefits in excess of the EAJA award, then Plaintiff will be refunded the EAJA payment in this case.

### III. DISCUSSION

### A. EAJA Fees

In it's August 17, 2015 Opinion and Order Granting in Part Plaintiff's Petition for Attorney Fees, the court found that Plaintiff was entitled to attorney fees but that Plaintiff had not shown that she was entitled to fees above the hourly rate capped by EAJA:

> The EAJA provides, however, that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA grants the court discretion over whether or not to grant fees in excess of $125 per hour even if Plaintiff shows what other courts have deemed sufficient evidence to justify such fees.  While such evidence is necessary under Bryant to allow the court to grant fees beyond the EAJA, it is not necessarily sufficient to guarantee such an award.  Were courts to automatically follow previous courts in granting higher fees, it would effectively serve as a one-way ratchet; raising the EAJA's statutory maximum to Plaintiff's requested amount for all future claim[s].  This would usurp Congress's prerogative to set the maximum rate.  Rather than engage in de facto alteration of the statutory maximum, this court elects to follow Congress' direction that no fee above $125 per hour shall be granted unless the court determines that such fee is justified.  The court

makes no such finding here.  $125 per hour is sufficient.
(ECF No. 19, PageID.1605-06.)  On appeal, the Sixth Circuit found this reasoning

insufficient, stating:

> But the district court failed to offer a meaningful explanation for its decision
> to deny Caviness's request for an attorney fee rate above the statutory
> cap of $125 per hour. The district court acknowledged that the state bar
> report provided "data revealing the hourly fees of Michigan attorneys in
> 2010 with comparable years of experience to Plaintiff's attorney," but did
> not explain why Caviness did not carry her burden in requesting an hourly
> rate higher than $125. In rejecting a higher hourly rate, the district court
> simply stated that Congress did not intend for courts to automatically grant
> higher attorney fees simply because of an increase in the cost of living.
> While this is true, the district court's failure to explain why "$125 per hour
> is sufficient" in this case was an abuse of discretion.
>
> Although we have recently held that state bar reports provide evidence of
> reasonable hourly attorney rates, Minor, 826 F.3d at 833, a plaintiff must
> also provide evidence that an attorney fee rate above $125 per hour in her
> case is justified by the "kind and quality of the services furnished." 28
> U.S.C. § 2412(d)(2)(A). That is, the plaintiff bears the burden of
> demonstrating why a higher attorney fee is justified according to the facts
> of her case. We hold yet again that a plaintiff's submission of data alone is
> merely necessary, not sufficient, to meet her burden for higher attorney
> fee rate under the EAJA. If the plaintiff fails to provide such evidence that
> a higher hourly rate is justified in her case, a district court must say so in
> rejecting an attorney fee rate above $125 per hour. Our most recent
> published cases-Minor and Clark-support this holding, contrary to
> Caviness's argument. While the district court must give an adequate
> explanation for its calculation of an attorney fee rate, neither the statute
> nor our precedents require the district court to grant a higher hourly rate
> when presented solely with the CPI or a state bar report.

(ECF No. 35, PageID.1675.)

Now, on remand, the court is faced with the task of giving an "adequate

explanation" for its decision to limit Plaintiff's hourly rate at the statutory cap of $125.  In

so holding, the court is mindful that, in light of the Sixth Circuit's opinion, it is not enough

to state, as the court did before, that Plaintiff had not submitted sufficient evidence to

justify a higher award.  It is not enough for the court to state that it did not intend to *de*

*facto* rely on other district court decisions which had agreed to raise the hourly rate.  It is not enough to state that the CPI index does not itself justify a higher award.  And it is not enough to say that the Congressionally imposed statutory maximum of $125 is a sufficient award in this case.  The court so stated in its previous order, and the Sixth Circuit found this explanation inadequate.  Thus, the court must provide a more "adequate explanation" for its hourly rate award.

Defendant appears to miss the point of the Sixth Circuit's opinion.  Indeed, much of Defendant's brief is devoted to arguing that Plaintiff had not submitted sufficient evidence in her Amended Motion and could not raise new arguments or attach new evidence in a reply brief, because then Defendant does not have a chance to refute the argument.  This argument, however, is moot where, as here, the court has conducted a hearing on the matter and provided Defendant an opportunity to be heard.  Defendant submits that the Sixth Circuit specifically directed Plaintiff to submit additional evidence to support her fee request.

The court's focus on remand is not merely on what evidence Plaintiff has submitted.  The court's focus is on more thoroughly providing an explanation for the hourly rate.  Here, Plaintiff appears to rely primarily on the CPI detailing the increased cost of living since the EAJA rate was last raised, a 2014 State Bar of Michigan report suggesting that the prevailing hourly rate for attorneys in practice as long as Plaintiff's counsel, and affidavits of counsel suggesting the market rate for attorneys in social security disability law, and for attorneys in the local area.  It seems to the court that this evidence, if accepted as sufficient, would always be sufficient to raise the hourly rate of every social security Plaintiff's attorney, at least in this district if not nationwide.  That is,

the court wonders if under Plaintiff's presumption, EAJA is simply outdated and every court should therefore raise the hourly rate above the congressionally-imposed maximum. There is for example, no attempt to argue why this case in particular (a case which resulted in a stipulation by the Defendant to remand to the Commissioner) justifies a higher rate.

The court finds guidance in a case decided after this court's 2015 decision, and referenced in the Sixth Circuit's opinion. In *Clark v. Comm'r of Soc. Sec.*, 664 F. App'x 525, 530 (6th Cir. 2016), the Sixth Circuit provided an elaboration of Bryant and what is necessary to justify a higher fee award. In *Clark*, the district court had awarded fees based on an hourly rate of $140. The Sixth Circuit affirmed, but commented that perhaps the district court could have better explained its decision:

> This does not mean, however, that the district court could only reasonably conclude that Plaintiff had met her burden to support the full amount of the award requested where she provided only the CPI and her attorney's affidavit that referenced a different locality from Bowling Green, Kentucky. Clark's argument runs roughshod over the statutory requirement that the "amount of fees awarded … shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). *Bryant* teaches that there must be some understanding of the rates charged locally before a district court can adjust for cost of living or other factors. The Commissioner argues, albeit somewhat indirectly, that the emphasis on local geographic rates discussed in *Bryant* is still relevant once a cost of living adjustment is used to raise the cap on the award that must be made. We agree.

> To the extent that Clark wishes for us to "clarify" the decision in *Bryant*, we may do so while leaving that decision in intact and while affirming the district court's decision. We conclude that the district court acted within its discretion when it awarded Clark attorney fees at a rate of $140 per hour, although perhaps it might have better articulated how it was adjusting the statutory cap. For example, it might have done so by recognizing its use of the CPI in an upward adjustment of the statutory cap based on the cost of living but declining to award an amount equal to that cap in the absence of any evidence that the full amount would be the prevailing market rate for

> attorneys of comparable skill, experience, and reputation in Bowling
> Green, Kentucky, as presented by the Commissioner.

*Clark*, 664 F. App'x at 530.

*Clark* provides some guidance to the court for the type of explanation the Sixth Circuit seeks.  Had the court received the benefit of *Clark* prior to the appeal, the court would have better articulated its decision that Plaintiff was not entitled to fees above the hourly rate capped by EAJA.  The court would have based its explanation on the fact that this case presented no unusual challenges, and indeed concluded by stipulation, that out of town counsel did not display any higher degree of expertise than what the court would expect from attorneys litigating these types of cases in this district, and there was no other special factor present, such as the limited availability of qualified attorneys which would justify a higher fee.  At the time the court issued it's decision, Plaintiff's counsel had not shown how the statutory rate was insufficient.

Now, however, the court has the benefit of additional briefing, submissions, and a full hearing on the issue. Having considered the renewed arguments, and the additional support provided by Plaintiff, the court is now persuaded that the statutory rate of $125 per hour is insufficient.  Plaintiff's total requested amount, after accounting for mathematical errors, is $21,245.82.  This amount includes $19,927.59 in attorney fees, $905 in costs, and $413.23 in expenses and is based on a paralegal rate at $80.00 per hour, and an attorney rate ranging from $185.01 to $187.09 per hour.  Having considered all of Plaintiff's submissions, the court approves this rate and will grant Plaintiff the full amount of requested EAJA fees.

Plaintiff is the prevailing party under 28 U.S.C. § 2412(a)(1) has alleged that the

United States was not substantially justified, and has submitted the necessary itemizations under § 2412(d)(1)(B).  The court finds that the statutory rate is insufficient, and that Plaintiff's requested rate is supported both by the cost of living increase and by a special factor, namely the prevailing market rate for attorneys of comparable skill, experience, and reputation in the Eastern District of Michigan.  Plaintiff has supported this request by affidavit not just of himself but of Attorney Randall Phillips, who avers that he has extensive experience representing claimants and supervising his firm's social Social Security practice.  (ECF No. 41-2, Page ID.1733).  Phillips further states that his current, non-contingent hourly rate ranges from $175-$200, depending on the matter.  (Id. at  3.)  He contends that the market rates in the Eastern District of Michigan are generally equal or exceed the rates charged by his firm and that firms are reluctant to take Social Security cases at the EAJA rate of $125 per hour. (Id. at  4-5.)

While, initially, the case entailed a simple complaint followed relatively quickly by a stipulation, Plaintiff's counsel has since pursued a successful appeal to the Sixth Circuit and has sought additional relief from this court.  Counsel has, in other words, displayed a higher degree of skill and expertise than reflected by the lower EAJA rate of $125 per hour.  Further, counsel followed up his initial briefing with a supplemental memorandum citing numerous cases in the Eastern District of Michigan holding similar rates were justified and were routine in this district for this type of work.  (See ECF No. 46, PageID1764-1765 (citing over a dozen cases in this district and the Northern District of Ohio approving attorney fee awards in the range of $175-$187).)

Plaintiff has therefore "'produce[d] satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the

13

community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). The court finds Plaintiff's requested rate, above the EAJA rate, is justified and will approve the request for attorney fees and costs in the amount of $21,245.82, including $19,927.59 in attorney fees, $905 in costs, and $413.23 in expenses.

### B. Attorney Fees Pursuant to 42 U.S.C. § 406(b)

Under 42 U.S.C. § 406(b), the court may award "a reasonable fee not in excess of 25 percent of . . . past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Claimants received a total of $245,222.50 for past-due benefits and, after accounting for the minor mathematical inconsistencies, counsel requests a total of $61,305.63 for work performed at the district court and at the Sixth Circuit. The request is based on 160.75 hours of attorney time and 12.3 hours of non-attorney time. The parties agree that the amount is not in excess of 25% of past-due benefits.

Plaintiff's counsel was the hearing representative and initially the fee agreement was apparently incorrectly approved at the administrative level, so Plaintiff's counsel requested the approval be reversed. An order was issued on April 29, 2019, reversing the fee agreement approval. Rather then filing a new petition before the Administrative Law Judge, who would then make a recommendation to the Regional Chief Administrative Law Judge, counsel instead filed the instant motion before this court, which he asserts would be a more expedient way to resolve all pending fee issues at once. The motion is brought under the Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b). The parties agree that should the court award 406(b) benefits in excess of the

14

EAJA award, the Plaintiff will be refunded the full EAJA payment in this case.

Counsel has submitted time logs and records supporting his request for 173.05 total hours, including 12.3 paralegal hours and 160.75 attorney hours. After paralegal hours are deducted at a rate of $80.00 per hour, it results in an attorney fee of approximately $375.25 per hour. Defendant does not fundamentally oppose this approach, and affirmatively contends that "under no circumstances would it be reasonable for Ms. Caviness to receive less money than she would had the appeal on the EAJA rate never been pursued." (ECF No. 49, PageID.1850.) Defendant suggests different amounts based on his earlier opposition to the award of EAJA fees. Under Defendant's calculations, after $12,000 is deducted from the award for EAJA fees, Plaintiff's counsel would be receiving $48,601.63, which is based on an implied hourly rate of $532.03. Defendant states that "[a]fter reviewing prior awards in this Court and other courts in the Sixth Circuit, the Commissioner has determined that such an impied hourly rate is not objectionable under the circumstances of this case." (Id.) Defendant further asserts that "moderate changes" to the EAJA award would not materially impact the implied hourly rate and would not alter the Commissioner's analysis.

Given that the parties are in substantial agreement as to the reasonableness of Plaintiff's request, and based on the court's review of the submissions and attachments, the court finds that an award of $61,305.63 is appropriate under 42 U.S.C. § 406(b). For a case such as this, the court finds it to be both reasonable and not in excess of 25 percent of past-due benefits. 42 U.S.C. § 406(b)(1)(A).

### IV. CONCLUSION

IT IS ORDERED that Plaintiff Angela Leigh Caviness's Amended Motion for

Attorney's Fees Pursuant to the Equal Access to Justice Act, and related motions, [ECF Nos. 37, 44, 45, 46) are GRANTED.  Plaintiff's is AWARDED EAJA attorney fees and costs in the amount of $21,245.82, including $19,927.59 in attorney fees, $905 in costs, and $413.23 in expenses.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act (ECF No. 47) is GRANTED in the amount of $61,305.63. Plaintiff shall be reimbursed the total EAJA fees from this award.

To the extent a further order is required to effectuate these rulings, the parties are DIRECTED to consult and submit a proposed stipulated order within fourteen days of entry of this order.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6523

C:\Users\lisawagner\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\G8WB0IBI\13-15288.CAVINESS.fees.2.RHC.wpd